**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4373

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLTON KERNEL SHERRILL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:19-cr-00408-FDW-DSC-1)

Submitted:  October 31, 2022                     Decided:  November 10, 2022

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Charles Robinson Brewer, Asheville, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Kernel Sherrill pleaded guilty, pursuant to a written plea agreement, to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and distribution of and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced Sherrill to a downward variance of 120 months' imprisonment.   Sherrill's sole argument on appeal is that he received constitutionally ineffective assistance of counsel related to both his plea and sentencing. The Government has moved to dismiss the appeal on the ground that the record does not conclusively establish that counsel was ineffective and therefore Sherrill's claims are not cognizable on direct appeal.  Sherrill opposes the Government's motion.  For the following reasons, we deny the Government's motion but affirm the criminal judgment.

To demonstrate constitutionally ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984).  An attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks omitted).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id.* at 694.  To show prejudice in the guilty plea context, a defendant claiming ineffective assistance "must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Christian v. Ballard*, 792 F.3d 427, 443-44 (4th Cir. 2015) (internal quotation marks omitted).

Claims of ineffective assistance of counsel are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).  Generally, a defendant should instead raise ineffectiveness claims in a 28 U.S.C. § 2255 motion, to permit sufficient development of the record.  *Id.*; *see Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

Sherrill argues that his counsel's performance was deficient in three respects.  He contends that counsel failed to move to suppress the firearm and drug evidence, failed to review the presentence report with him, and failed to challenge the factual basis as insufficient to support his guilty plea to the drug charge.  We have reviewed the record and conclude that it does not conclusively establish Sherrill's claim that he received ineffective assistance of counsel.  *See Baptiste*, 596 F.3d at 216 n.1.  Therefore, this claim is not cognizable on direct appeal.

Accordingly, we deny the Government's motion to dismiss but affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*